IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| IN RE: | ) | Case No. 05-49592 |
| | ) | |
| EVELYN M. OLENICK | ) | Chapter 7 |
| | ) | Judge Kay Woods |
| Debtor | ) | |

**MOTION TO COMPROMISE TRUSTEE'S INTEREST TO
REAL PROPERTY TITLED JOINTLY IN THE NAME OF
DEBTOR AND SETTLE TRUSTEE'S RIGHT TO PURSUE AN
ACTION TO SELL REAL PROPERTY UNDER 11 U.S.C. §363(h)**

NOW COMES MARK A. BEATRICE, the duly-appointed interim Trustee in this Chapter 7 proceeding, by and through counsel, and hereby moves this Court pursuant to Section 105(a) of Title 11 of the Unites States Code, 11 U.S.C. §§ 101 *et seq.* (as amended, the "Bankruptcy Code") and Rule 9019 of the Federal Rules of Bankruptcy Procedure for an Order authorizing him to allow the Debtor EVELYN M. OLENICK ("Debtor") to redeem her undivided one-third interest in 46.542 acres of undeveloped land on Villa Marie Road, Coitsville Township, Mahoning County, Ohio (the "Property") which is titled in the names of the Debtor and Jerome S. Fedor and Virginia Geddes (the "Co-owners"), by Movant accepting $10,000 in lieu of Movant pursuing an action under 11 U.S.C. §363(b) and (h) to sell the Property to realize Debtor's interest therein. As grounds for this Motion, Movant states as follows:

**Factual Background**

1. Movant is the duly appointed, qualified and acting Trustee of the within Chapter 7 bankruptcy estate, created by the voluntary petition filed on October 15, 2005 by Debtor.

2. At the time of the filing, Debtor held an undivided one-third interest to the Property, subject to a judgment lien against Debtor's interest in favor of the Cortland Savings and Banking Company ("Cortland Bank") in the original amount of over $500,000. Debtor

scheduled her interest in the Property at a value of $17,000. The Mahoning County Auditor has valued the Property at just over $70,000.

**The Compromise**

3      Debtor has offered to redeem her interest in the Property for $10,000 in consideration for the Trustee abandoning any claim or interest therein. Cortland Bank has agreed to allow a carve out of $5,000 in favor of the bankruptcy estate and to release its lien in consideration for receiving the balance of the $10,000 to be paid by Debtor to "redeem" her interest in the Property.

**Legal Authority**

4.      The legal standard for approval of a compromise is whether the compromise is in the best interest of the estate. *Protective Committee for Independent Stockholders of TMT Trailer Ferry, Inc. v. Anderson*, 390 U.S. 414, 424 (1968).

5.      Movant notes that the actual liquidation value of the Debtor's interest in the Property requires deducting the typical realtor's fee of 6%, and estimated additional closing costs, typically resulting in at least a 10% reduction. Per these further deductions, Movant estimates the maximum likely net sale proceeds for Debtor's interest in the Propoerty from its sale within 180 days at $20,000. This estimate of net sale proceeds does not include, however, any estimate of additional attorney fees if Movant sought the right to sell the Property to realize Debtor's equity therein by filing an adversary proceeding which might be opposed by the Co-owners.

6.      Movant believes he has the right to seek a sale of the Property pursuant to section 363 of the Bankruptcy Code, including the right to sell jointly owned property pursuant to 363(h). The Co-owners have indicated a desire to retain title and possession of the Property, and

have not cooperated in offering to either list the Property for sale voluntarily or agreeing to partition the Property to allocate the undivided interests therein to particular subparts of the whole.

7. Movant believes that this settlement of his potential claim to cause the liquidation of the Property, allowing a discounted value for Debtor's interest in the Property without the necessity of filing an adversary seeking the sale of the Property, and incurring litigation costs and costs of sale, is in the best interest of the estate and the best interest of the creditors of this estate predicated upon the costs involved in litigating an unwelcome sale over the co-owner's objections. Moreover, Movant notes that Cortland Bank has the potentially larger interest in maximizing the value of Debtor's interest in the Property, and it has agreed to this Motion including the carve-out for the estate.

WHEREFORE, Mark A. Beatrice, Trustee, requests this Court enter an order allowing Movant to accept Debtor's offer set forth above for the redemption of Debtor's interest in the Property by Debtor paying the sum of $10,000 within thirty days of this Order, subject to the terms and conditions set forth herein, and authorizing Movant to do all other things required to carry out and complete the sale of such interest.

Respectfully submitted,

*/s/ Mark A. Beatrice*,         (#0011003)
Mark A. Beatrice, Esq.
Manchester, Bennett, Powers & Ullman, LPA
201 E. Commerce Street, Level Two
Youngstown, OH 44503
Phone: 330/743-1171; Fax: 330/743-1190
Counsel for Trustee, Mark A. Beatrice

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing **MOTION FOR AUTHORITY TO COMPROMISE TRUSTEE'S INTEREST IN REAL PROPERTY** served by regular U.S. mail, postage prepaid, this 18th day of March, 2010 upon the following:

Jeffrey D. Adler
154 Youngstown-Hubbard Rd., Suite D
Hubbard, OH 44425
(Debtors' Counsel)

Evelyn M. Olenick
6525 Applewood Blvd.
Boardman, OH 44512
(Debtor)

Leo J. Puhalla/James G. Floyd/Brent E. Baker
Newman, Olson & Kerr
11 Federal Plaza Central, Suite 1200
Youngstown, OH 44503-1516

Office of the U.S. Trustee

See attached list.

                                               */s/ Mark A. Beatrice*, Trustee (#0011003)

DISCOVER BANK/DFS SERVICES, LLC
P. O. Box 3025
New Albany, OH  43054

FIA CARD SERVICES, N.A.
Attn:  Mr. M-BK
1000 Samoset Drive
Newark, DE  19713

ECAST SETTLEMENT CORPORATION
Assignee of Chase Bank USA, NA
P. O. Box 35480
Newark, NJ  07193-5480

{M0236539.1 }